UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WINDY HAMMOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-03340-JPH-MJD |
| | ) | |
| LANDMARK ACCOUNTS, INC. an Indiana corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's motion for summary judgment [Dkt. 42] and the related motion to strike [Dkt. 46]. On January 22, 2020, District Judge James P. Hanlon designated the undersigned Magistrate Judge to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 52.] For the reasons set forth below, the Magistrate Judge recommends that Plaintiff's motion for summary judgment be **GRANTED** and that Defendant's motion to strike and request for summary judgment be **DENIED**.

**I. Summary Judgment Standard**

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed, and all reasonable inferences must be drawn in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all

reasonable inferences in that party's favor."). "Where, as here, the movant is seeking summary judgment on a claim as to which it bears the burden of proof, it must lay out the elements of the claim, cite the facts which it believes satisfies these elements, and demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant on the claim." *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 601-02 (7th Cir. 2015) (citations omitted). "If the movant has failed to make this initial showing, the court is obligated to deny the motion." *Id.* (citations omitted). Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## II. Background

The facts relevant to Plaintiff's claim are simple. After Defendant Landmark Accounts, Inc., attempted to collect a debt from Plaintiff Windy Hammock that she allegedly owed to Community Hospital, Plaintiff sent Defendant a letter that stated that she refused to pay the debt. The letter was dated September 21, 2017, and received by Defendant a few days later. Defendant nonetheless sent Plaintiff another debt collection letter, dated August 23, 2018. Plaintiff alleges that this letter violated the Fair Debt Collection Practices Act ("FDCPA"). *See* 15 U.S.C. § 1692c(c) (requiring debt collectors to cease communicating with consumer after consumer provides written notice of refusal to pay debt, with certain exceptions that do not apply here). Defendant does not dispute Plaintiff's factual allegations, but asserts that it is not liable for violating the FDCPA because the post-refusal letter it sent to Plaintiff was sent due to a bona fide error on its part. *See* 15 U.S.C.A. § 1692k(c) (establishing bona fide error defense).

### III. Preliminary Matters

Before the Court can examine the merits of the issues before it, several preliminary matters must be addressed. To be quite frank, the parties have made an utter shambles of what should have been a straightforward endeavor.

The root cause of the trouble appears to have been caused by defense counsel's apparent failure to properly calendar the deadlines in the case management plan in this case. This was first evidenced by Defendant's failure to file a statement of claims and defenses, despite the fact that Defendant is asserting a defense—bona fide error—on which it has the burden of proof. *See* [Dkt. 25 at 6] ("On or before August 16, 2019, and consistent with the certification provision of Fed. R. Civ. P. 11 (b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based."); 15 U.S.C. § 1692k(c) (debt collector has burden of proving "by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error"). Plaintiff argues—not unreasonably—that Defendant has waived the right to assert the bona fide error defense by failing to file a statement of defenses that asserts it. However, the case management plan provision does not contain any waiver language, and judges in this district have not consistently found waiver based on the failure to file a statement of claims or defenses. *Compare Schambers v. Key Family of Companies*, 1:16-cv-2406-WTL-DLP, 2018 WL 1794915, at *7 (S.D. Ind. Apr. 16, 2018) ("The Court agrees that Schambers' failure to include her Equal Pay Act claim in her initial Statement of Claims operated as an abandonment of that claim."); *McGann v. Trathen*, 1:16-cv-1235-JMS-DML, 2017 WL 5571289, at *12 (S.D. Ind. Nov. 20, 2017) ("The Court finds that Mr. McGann has abandoned any negligent infliction of emotional

3

distress or intentional infliction of emotional distress claims by failing to set them forth in his Statement of Claims."); *Tucker v. Express Scripts Holding*, 1:14-cv-1698-TWP-MJD, 2016 WL 2643737, at *8 (S.D. Ind. May 10, 2016) (plaintiff "abandoned his claim of harassment in his Statement of Claims when he asserted only his claims for race discrimination and retaliation") *with Von Duprin LLC v. Moran Elec. Serv., Inc.*, No. 1:16-cv-1942-TWP-DML, 2019 WL 535752, at *8 (S.D. Ind. Feb. 11, 2019) (finding no waiver from failure to file statement of claims in absence of prejudice to opposing party); *Williams v. Thorntons Inc.*, No. 2:17-cv-85-WTL-MJD, Dkt. No. 75 (S.D. Ind. May 1, 2018) (ultimately granting party's motion to file belated statement of claims rather than finding waiver).[1]  Accordingly, the Court declines to find that Defendant has waived its affirmative defense of bona fide error in this case, and instead will consider the parties' arguments on the merits.

Defense counsel also seems to have been unaware of the provision of the case management plan in this case that governs dispositive motions, which reads:

> Plaintiff shall file any dispositive motion on or before **September 6, 2019**. Defendant shall respond to Plaintiff's dispositive motion, and shall include any cross-dispositive motion, on or before **October 7, 2019**. Plaintiff shall respond to Defendant's cross-dispositive motion, and shall include any reply in support of Plaintiff's dispositive motion, on or before **November 7, 2019**. Defendant shall file any reply in support of its cross-dispositive motion on or before **November 22, 2019**.

*Id.*  Defense counsel's ignorance of this provision is demonstrated in two ways.  First, apparently believing that he could not file a cross-motion for summary judgment in response to Plaintiff's motion for summary judgment, he instead included in his response brief a request for summary

---

[1] Plaintiff cites to the fact that the court in *Williams* issued an order to show cause why the Defendant's affirmative defenses should not be waived for failure to file a statement of claims and defenses, but fails to acknowledge that ultimately no waiver was found in that case.

4

judgment independent of the motion pursuant to Federal Rule of Civil Procedure 56(f). Second, he filed a motion to strike Plaintiff's reply brief on untimeliness grounds, despite the fact that it was filed prior to the deadline set forth in the case management plan. *See* [Dkt. 46] (seeking to strike reply brief that was filed on November 6, 2019, one day prior to the deadline).

Plaintiff's counsel is not blameless, however. Plaintiff's reply in support of her motion for summary judgment takes Defendant to task for asking for summary judgment "[d]espite the September 6, 2019 dispositive motion cut-off date in this matter." [Dkt. 45 at 1.] Of course, the deadline for Defendant's motion for summary judgment actually was October 7, 2019, pursuant to the relevant provision in the case management plan, a provision which Plaintiff's counsel clearly was aware of, inasmuch as Plaintiff followed it, rather than Local Rule 56-1, in determining Plaintiff's own deadline for her reply brief.

After sorting through the extraneous matters raised in the parties' briefs, the Court is left with Plaintiff's motion for summary judgment [Dkt. 42], what the Court will treat in practical terms as Defendant's timely cross-motion for summary judgment [Dkt. 44], Plaintiff's timely response and reply brief [Dkt. 45], and Defendant's reply in support of its cross-motion [Dkt. 46], which Defendant incorrectly entitles his Surreply. Defendant's alternative motion to strike [Dkt. 46] is **DENIED**.

## IV. Discussion

The FDCPA provides for civil liability for a debt collector who fails to comply with any of its provisions. 15 U.S.C. § 1692k(a). As noted above, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692c(c), which provides:

> (c) Ceasing communication
>
> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—
> **(1)** to advise the consumer that the debt collector's further efforts are being terminated;
>
> **(2)** to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>
> **(3)** where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.
>
> If such notice from the consumer is made by mail, notification shall be complete upon receipt.

15 U.S.C. § 1692c(c). Plaintiff points to evidence that establishes (1) with regard to the debt in question, Plaintiff is a "consumer" as defined by the FDCPA; (2) Defendant was acting as a "debt collector" as defined by the FDCPA when it communicated with Plaintiff; (3) Defendant received Plaintiff's written notification that she refused to pay the debt; (4) Defendant sent Plaintiff another letter after receiving the written notification; and (5) Defendant's post-refusal letter was not sent for one of the reasons permitted by the statute.

In response, Defendant does not dispute Plaintiff's evidence and does not dispute that the evidence of record satisfies Plaintiff's prima facie case.[2] Instead, Defendant argues that it is not liable because it can establish the bona fide error defense.

---

[2] Plaintiff takes Defendant to task for failing to include a "section labeled 'Statement of Material Facts in Dispute'" in its brief as required by Local Rule 56-1(b). However, Defendant does not argue that there is a dispute of material fact with regard to Plaintiff's prima facie case, which is the only subject of Plaintiff's motion. Instead, Defendant argues that the undisputed facts establish its bona fide error defense and therefore it is entitled to judgment on that basis. Defendant thus properly included a section entitled "undisputed facts" in its brief as required by

Defendant first appears to suggest that it should win by default because Plaintiff did not address its bona fide error defense in her opening brief. *See* [Dkt. 44-1 at 2] (noting that "Plaintiff Windy Hammocks' motion for summary judgment does not dispute that, as a matter of law, *bona fide* error occurring [sic] in her receiving the August 23, 2018, debt collection letter"); *id.* at 3 ("Most critical to that premise is the fact that although Defendant raised the specifics of bona fide error in its Answer to the Complaint . . . and although Plaintiff had opportunity to address the defense during [sic] deposition of [Defendant], she failed to do so and Plaintiff fails to devote a single paragraph to disputing bona fide error in her summary judgment pleading [sic] It stands, as a matter of law, now undisputed."). Defendant is mistaken. Plaintiff was under no obligation to address in her own motion a defense as to which Defendant had the burden of proof.[3]

Turning to Defendant's argument on the merits,

> [a] defendant is entitled to invoke the FDCPA's bona fide error defense only if it can show that the violation: (1) was unintentional, (2) resulted from a bona fide error, and (3) occurred despite the debt collector's maintenance of procedures reasonably adapted to avoid such error.

---

Local Rule 56-1(a) ("The brief must include a section labeled 'Statement of Material Facts Not in Dispute.'").

[3] Indeed, even if Plaintiff had failed to address Defendant's bona fide error defense in her reply brief, Defendant would not be entitled to summary judgment on that issue unless Defendant's brief pointed to evidence in the record sufficient to support the defense. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012) ("However, a nonmovant's failure to respond to a summary judgment motion . . . does not, of course, automatically result in judgment for the movant."); *Johnson v. Hix Wrecker Serv., Inc.*, 651 F.3d 658, 662 (7th Cir. 2011) ("A party opposing summary judgment does not have to rebut factual propositions on which the movant bears the burden of proof and that the movant has not properly supported in the first instance.").

*Ruth v. Triumph Partnerships*, 577 F.3d 790, 803 (7th Cir. 2009) (citing *Kort v. Diversified Collection Servs., Inc.,* 394 F.3d 530, 537 (7th Cir. 2005)); *see also* 15 U.S.C. § 1692k(c). With regard to the first two requirements of the defense, Defendant states that the post-refusal letter was sent because of an "error in [Defendant's] computer software system that resulted in files being combined backward in a manner that ignored the cease communications entries and opened closed files on a collection." [Dkt. 44-1 at 2]. Plaintiff does not dispute that the evidence of record establishes that the post-refusal letter was sent as a result of a bona fide error and that Defendant did not intend to violate the FDCPA. Rather, Plaintiff argues that Defendant has failed to satisfy the third requirement of the defense because it has not pointed to evidence that it maintained procedures that were reasonably adapted to avoid the error that led to the post-refusal letter being sent to Plaintiff. The Court agrees.

"Determining whether a debt collector's 'procedures' are 'reasonably adapted' to avoid errors is 'is a uniquely fact-bound inquiry susceptible of few broad, generally applicable rules of law.'" *Leeb v. Nationwide Credit Corp.*, 806 F.3d 895, 900 n.3 (7th Cir. 2015) (quoting *Owen v. I.C. Sys., Inc.,* 629 F.3d 1263, 1277 (11th Cir. 2011)). The only fact Defendant has pointed to with regard to its procedures are that Defendant "has policies and procedures that strictly adhere the [sic] American Collection Association guidelines and Federal Credit Debt Collection Procedure Act [sic]." [Dkt. 44-1 at 5.] That general statement is clearly not sufficient to permit the Court to conduct the requisite "fact-bound inquiry." And while Defendant argues that "Defendants' [sic] system for guarding against attempts to collect time-barred debts, while unquestioningly requiring frequent updates and modifications, qualifies under § 1692k(c) as a regular and orderly error-prevention procedure," *id.* at 7, nowhere in its brief does Defendant

describe what its system is.[4] Defendant also fails to explain how the system in place at the relevant time was reasonably adapted to prevent the errors that caused the post-refusal letter to be sent to Plaintiff.[5] Those omissions are fatal both to Defendant's own motion and to its defense of Plaintiff's motion. *See Leeb*, 806 F.3d at 900 (affirming granting of summary judgment in favor of plaintiff because defendant offered only "a thinly specified 'policy,' allegedly barring some action but saying nothing about what action to take"); *see also Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 350 (7th Cir. 2018) ("While the evidence demonstrates that PRA provided training sessions and a manual to employees about recognizing and processing disputes, there is no evidence that PRA has measures in place to prevent careless

---

[4] It is possible that the system is described somewhere in the record, but "'[j]udges are not like pigs, hunting for truffles buried in the record,'" *Felton v. Bartow*, 926 F.3d 451, 467 n.5 (7th Cir. 2019) (quoting *Gross v. Town of Cicero*, 619 F.3d 697, 702 (7th Cir. 2010)), and "courts do not have to scour the record or make a party's argument for it." *Varlen Corp. v. Liberty Mut. Ins. Co.*, 924 F.3d 456, 460 (7th Cir. 2019) (citing *D.Z. v. Buell*, 796 F.3d 749, 756 (7th Cir. 2015)).

[5] Defendant cites *Abdollahzadeh v. Mandarich Law Grp., LLP*, 922 F.3d 810, 813 (7th Cir. 2019), as a case that "stands virtually on all-fours with the present case." [Dkt. 44-1 at 5.] In that case, however, unlike here, the defendant submitted evidence of its "system for guarding against attempts to collect time-barred debts," which the court described as follows: "The law firm relied on account information provided by its client. The account data was subjected to an automated scrub that culled out-of-statute debts, and CACH supplied an affidavit attesting that the information in its report was correct. Finally, a Mandarich attorney examined the account to check whether a collection action would fall outside the applicable limitations period." *Abdollahzadeh*, 922 F.3d at 818. Based on this evidence, the court found that the defendant "took reasonable precautions to prevent attempts to collect time-barred debts" and that its procedures were "reasonably adapted to that purpose." The court cannot reach such a conclusion in this case, because Defendant points to no evidence regarding the procedures it followed to prevent post-refusal letters such as the one received by Plaintiff.

misreading of letters, such as having employees periodically check one another's work, for example.") (internal quotation marks and citation omitted).

Plaintiff has pointed to undisputed evidence that establishes Defendant's liability to her for violating the FDCPA by sending the post-refusal letter. Defendant has not pointed to any evidence that would support a finding in its favor on its bona fide error defense. Accordingly, Plaintiff is entitled to summary judgment.

### V.  Conclusion

For the reasons set forth above, the Magistrate Judge **RECOMMENDS** that Plaintiff's motion for summary judgment [Dkt. 42] be **GRANTED** and that Defendant's request for summary judgment and Defendant's alternative motion to strike [Dkt. 46] be **DENIED**. This ruling resolves the issue of liability only; the issue of damages remains.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Dated:  27 FEB 2020

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.