UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WINDY HAMMOCK, | ) |
|       Plaintiff, | ) ) ) |
|       v. | )   No. 1:18-cv-03340-JPH-MJD ) |
| LANDMARK ACCOUNTS, INC. an Indiana corporation, | ) ) ) |
|       Defendant. | ) ) |

**ORDER OVERRULING DEFENDANT'S OBJECTION AND ADOPTING REPORT AND RECOMMENDATION**

Magistrate Judge Mark Dinsmore has entered a Report and Recommendation recommending that the Court grant Plaintiff Windy Hammock's motion for summary judgment and deny Defendant Landmark Account's request for summary judgment and motion to strike. Dkt. 53. For the reasons below, the Court **OVERRULES** Landmark's objection to the Report and Recommendation, dkt. 54, and **ADOPTS** the Report and Recommendation, dkt. 53. Ms. Hammock's motion for summary judgment is therefore **GRANTED** and Landmark's motion for summary judgment and motion to strike are **DENIED**.

**I.
Facts and Background**

The Court adopts the Magistrate Judge's uncontested recitation of the factual and procedural background:

> The facts relevant to Plaintiff's claim are simple. After Defendant Landmark Accounts, Inc., attempted to collect a debt from Plaintiff Windy Hammock that she

1

>allegedly owed to Community Hospital, Plaintiff sent Defendant a letter that stated that she refused to pay the debt. The letter was dated September 21, 2017, and received by Defendant a few days later. Defendant nonetheless sent Plaintiff another debt collection letter, dated August 23, 2018. Plaintiff alleges that this letter violated the Fair Debt Collection Practices Act ("FDCPA"). *See* 15 U.S.C. § 1692c(c) (requiring debt collectors to cease communicating with consumer after consumer provides written notice of refusal to pay debt, with certain exceptions that do not apply here). Defendant does not dispute Plaintiff's factual allegations, but asserts that it is not liable for violating the FDCPA because the post-refusal letter it sent to Plaintiff was sent due to a bona fide error on its part. *See* 15 U.S.C.A. § 1692k(c) (establishing bona fide error defense).

Dkt. 53 at 2.

## II.
## Applicable Law

The Court reviews recommendations on dispositive motions *de novo*. Fed. R. Civ. P. 72(b)(3). The Court "may accept, reject, or modify the recommended disposition." *Id.*

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

2

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

## III.
## The Report and Recommendation

The Report and Recommendation first addressed procedural matters, concluding that the parties' summary judgment filings would be considered on the merits as cross-motions for summary judgment, and recommending that Defendant's motion to strike be denied. Dkt. 53 at 5. The parties have not objected to this portion of the Report and Recommendation. *See* dkt. 54; dkt. 55.

Magistrate Judge Dinsmore then recommended that Ms. Hammock's motion for summary judgment be granted and that Landmark's motions be denied for two reasons. First, the undisputed evidence established that Landmark violated the FDCPA by sending the post-refusal letter to Ms. Hammock. Dkt. 53 at 10. Second, Landmark did not designate evidence to support a bona fide error defense. *Id.* Landmark objects to the recommendation. Dkt. 54.

## IV.
## Analysis

Landmark raises four objections to the Magistrate Judge's recommendation that Plaintiff's motion for summary judgment be granted and

that Defendant's motion for summary judgment be denied.  None of Landmark's objections have merit so they are overruled.

### A. Objection 1: The Report and Recommendation erroneously found that Defendant did not demonstrate its bona fide error defense.

To establish the bona fide error defense to an FDCPA violation, a defendant must show by a preponderance of the evidence that the violation: (1) was unintentional, (2) resulted from a bona fide error, and (3) occurred despite the debt collector's maintenance of procedures reasonably adapted to avoid such an error.  15 U.S.C. § 1692k(c).

The Report and Recommendation concluded that Landmark did not show that it maintained procedures reasonably adapted to prevent the delivery of the post-refusal letter.  Dkt. 53 at 8.  Landmark objects that it "has policies and procedures that strictly adhere [to] the American Collection Association guidelines and Federal Credit Debt Collection Procedure Act."  Dkt. 54 at 12.  But the designated evidence does not support that claim.

Under the FDCPA, "[p]rocedures reasonably adapted to avoid" errors are "'processes that have mechanical or other such regular orderly steps' designed to 'avoid errors like clerical or factual mistakes.'"  *Leeb v. Nationwide Credit Corp.*, 806 F.3d 895, 900 n.3 (7th Cir. 2015) (quoting *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559 U.S. 573, 587 (2010)).  "Determining whether a debt collector's 'procedures' are 'reasonably adapted' to avoid errors 'is a uniquely fact-bound inquiry susceptible of few broad, generally applicable rules of law.'"  *Id.*

4

The only evidence that Landmark designated to show that it had sufficient procedures was a portion of an employee's deposition and her affidavit. Dkt. 44-1 at 4; see S.D. Ind. L.R. 56-1(e). In the deposition excerpt, the employee explains that she receives newsletters, magazines, and a daily email with updates to FDCPA procedures. Dkt. 44-2 at 38 (Stafford Dep. at 37). The affidavit adds that Landmark's collectors were trained to "discover any discrepancies" between new and old accounts belonging to the same debtor, but that its "Datalex system was not set up and programmed to prevent an older file from itself being combined into a new transferred file." Dkt. 44-4 at 3 ¶ 8.

The Magistrate Judge correctly concluded that the designated evidence does not "explain how the system in place at the relevant time was reasonably adapted to prevent the errors that caused the post-refusal letter to be sent to Plaintiff." Dkt. 53 at 9. There is no indication that any updates from newsletters, magazines, and emails relate to catching problematic file transfers. *See* dkt. 44-2 at 38 (Stafford Dep. at 37). And the affidavit does not specify what steps Landmark's collectors are trained to take that would prevent letters like the one sent to Ms. Hammock. *See* dkt. 44-4 at 3 ¶ 8.

Landmark therefore has not shown that it had "processes that have mechanical or other such regular orderly steps" to prevent violations. *Leeb, 806 F.3d at 900*. Instead it asserts only that it "has policies and procedures that strictly adhere [to] the American Collection Association guidelines and

[FDCPA]." Dkt. 54 at 6. Such a "thinly specified 'policy'" is not an adequate procedure under § 1692k(c). Leeb, 806 F.3d at 900.

### B. Objection 2: The Report and Recommendation erroneously recommends summary judgment on an invalid claim.

Landmark contends that Ms. Hammock's claim is foreclosed because her refusal letter was not specific and was sent before the debt that Landmark attempted to collect was added to its system. Dkt. 54 at 7–10.

Landmark did not make this argument on summary judgment and raised it for the first time in its objection to the Magistrate Judge's R&R. See dkt. 44-1; dkt. 46 (both arguing only the bona fide error defense). Arguments not made before a magistrate are normally waived, United States v. Melgar, 227 F.3d 1038, 1040 (7th Cir. 2000), and Landmark offers no reasons why waiver should not apply here, see dkt. 54 at 7–10. Moreover, "a willingness to consider new arguments at the district court level would undercut the rule that the findings in a magistrate judge's report and recommendation are taken as established unless the party files objections to them." Melgar, 227 F.3d 1038, 1040.

### C. Objection 3: The Report and Recommendation erroneously recommends summary judgment based on Defendant's intent and fails to recommend summary judgment for Defendant.

Landmark argues that "the presumed FDCPA violation was not intentional" and "resulted from a systems error that was immediately corrected once discovered and the evidence shows Defendant maintains procedures reasonably adapted to avoid any such error." Dkt. 54 at 13.

6

That a violation was unintentional, however, is the first element of the bona fide error defense, which Ms. Hammock does not dispute. Dkt. 53 at 8. Rather, Ms. Hammock argues—and the Report and Recommendation concluded—that Landmark failed to satisfy the third element because it did not provide evidence that it maintained procedures reasonably adapted to avoid the error. *See* dkt. 53 at 8. As explained above, Landmark's designated evidence does not support a finding in its favor on that element of the bona fide error defense

### D. Objection 4: The Report and Recommendation erroneously infringes upon Defendant's right to jury trial.

Last, Landmark argues that the question of its policies and procedures is one of "reasonableness," which is properly reserved for a jury. Dkt. 54 at 14.

While the reasonableness of Landmark's procedures is a "fact-bound inquiry," *Leeb,* 806 F.3d at 900, Landmark was required to "respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is no genuine dispute of material fact for trial." *Johnson v. Advocate Health and Hosps. Corp.,* 892 F.3d 887, 894 (7th Cir. 2018); *Sommerfield v. City of Chicago,* 863 F.3d 645, 649 (7th Cir. 2017) (explaining that "[s]ummary judgment is not a time to be coy" as the "parties are required to put their evidentiary cards on the table"). As explained above, Landmark failed to do so, making summary judgment against it appropriate. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

7

## V.
## Conclusion

For the reasons explained above, Landmark's objections to the Report and Recommendation are **OVERRULED**, dkt. 54, and the Magistrate Judge's Report and Recommendation is **ADOPTED** in full, dkt. [53]. Ms. Hammock's motion for summary judgment is therefore **GRANTED**, dkt. [42] and Landmark's request for summary judgment and motion to strike are **DENIED**, dkt. [46].

**SO ORDERED.**

Date: 8/7/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Steven James Halbert
shalbertlaw@gmail.com

Scott A. Norrick
ATTORNEY AT LAW, P.C.
scott@norricklaw.com

David J. Philipps
PHILIPPS AND PHILIPPS, LTD.
davephilipps@aol.com

Mary E. Philipps
PHILIPPS AND PHILIPPS, LTD.
mephilipps@aol.com

Angie K. Robertson
PHILIPPS AND PHILIPPS, LTD.
angie@philippslegal.com